**THE STATE OF NEW HAMPSHIRE**

**SUPREME COURT**

**In Case No. 2015-0140, <u>Trevor Yanuszewski v. Marc Wilson;</u> <u>Marc and Nathan Auto Service, Inc. v. Trevor Yanuszewski</u>, the court on December 18, 2015, issued the following order:**

Having considered the briefs and record submitted on appeal, we conclude that oral argument is unnecessary in this case. <u>See</u> <u>Sup. Ct. R.</u> 18(1). We affirm in part, vacate in part, and remand.

The plaintiff, Trevor Yanuszewski, appeals an order of the Circuit Court (<u>Moore</u>, J.), following a bench trial, awarding damages to the defendant, Marc Wilson d/b/a Marc and Nathan Auto Service, Inc., on the defendant's counterclaim seeking compensation for restoration work he performed on the plaintiff's 1988 Ford Mustang. The plaintiff argues that the trial court erred in denying: (1) his motion to reopen the case; and (2) his request for statutory damages pursuant to RSA 358-D:10 (2009). The defendant cross-appeals, arguing that the court erred in denying his requests for storage fees and mark-ups on parts.

We first address the plaintiff's argument that the trial court erred in denying his request for statutory damages. We will sustain the trial court's findings and rulings unless they are lacking in evidentiary support or legally erroneous. <u>Behrens v. S.P. Constr. Co.</u>, 153 N.H. 498, 500-01 (2006). RSA 358-D:10 requires any motor vehicle repair facility, upon completion of any service or repair work, to prepare an invoice stating clearly whether or not the facility will guarantee the work. <u>See</u> RSA 358-D:10, II. Pursuant to RSA 358-D:12 (2009), any right or remedy set forth in RSA chapter 358-A, the Consumer Protection Act, may be used to enforce the provisions of RSA chapter 358-D. <u>See</u> RSA 358-D:12, I.

The record shows that the plaintiff regularly used the defendant's services for the maintenance and repair of his Acura motor vehicle. This dispute involved the defendant's restoration of the plaintiff's 1988 Ford Mustang. After the plaintiff paid the defendant's first two invoices totaling $2,225.84, the parties' relationship broke down.

Based upon the parties' history, past practice, and conduct, the trial court found the plaintiff's testimony regarding his concern for a guarantee not to be credible. We construe the court's order to find that the plaintiff waived the requirement that the defendant prepare an invoice stating whether he would guarantee the work, <u>see</u> <u>Maroun v. Deutsche Bank Nat'l Trust Co.</u>, 167 N.H. 220, 228 (2014) (noting that statutory rights generally may be waived), and conclude that the record supports the court's finding. <u>See</u> <u>Behrens</u>, 153 N.H. at 500-01. Under these circumstances, we need not address the

defendant's arguments, which he raises for the first time on appeal, that RSA chapter 358-D does not apply to the work at issue in this case.

We next address the defendant's argument on cross-appeal that the trial court erred in not allowing him to charge the plaintiff storage fees or mark-ups on parts. There must be a meeting of the minds on all essential terms in order to form a valid contract. Syncom Indus. v. Wood, 155 N.H. 73, 82 (2007). In addition, the terms of a contract must be definite in order to be enforceable. Id. "When there is a disputed question of fact as to the existence and terms of a contract, it is to be determined by the trier of fact." Id. The defendant testified that he typically charges a storage fee when he is not actively working on a vehicle stored in his shop, and in his brief he asserts that mark-ups are standard in the industry. However, the record supports the trial court's finding that this restoration project was not a typical repair job, and that the parties did not agree that the plaintiff would pay storage fees or mark-ups on parts. See id.

Finally, we address the plaintiff's argument that the trial court erred in denying his motion to reopen the case to address an issue regarding a subcontractor's invoice. We review the trial court's decision for an unsustainable exercise of discretion. See Walker v. Walker, 158 N.H. 602, 607 (2009). To show that the trial court's decision is not sustainable, the plaintiff must demonstrate that it was clearly untenable or unreasonable to the prejudice of his case. Id. Under this standard, we review the record to determine whether it establishes an objective basis sufficient to sustain the court's discretionary judgment. Id.

To support his claim for damages, including $4,640 he claimed to have paid to a subcontractor, Hac-A-Tac Auto, the defendant provided the plaintiff with an invoice that appeared to have been prepared by the subcontractor. At trial, the defendant confirmed on cross-examination that "that's the invoice [he] got," and that the signature box was empty "[b]ecause me and Sonny [the subcontractor] . . . never made each other sign our invoices." When the defendant was asked why a word was misspelled on the invoice, he stated, "That's not my invoice. I didn't do it."

In his motion to reopen, the plaintiff's counsel represented that after trial, he contacted the owner of Hac-A-Tac Auto, Sonny Flanders, who denied preparing the invoice that was admitted at trial. According to the plaintiff's counsel, Flanders represented that his invoices are hand-written, not computer-generated, and that he charged the defendant $2,500 for his services, not $4,640. In support of his objection to the plaintiff's motion to reopen, the defendant submitted an affidavit stating, for the first time, that his wife prepared the Hac-A-Tac Auto invoice, and that she did so because the invoice prepared by Flanders was difficult to read. Attached to the defendant's affidavit was a copy of the subcontractor's actual invoice. As the plaintiff argues in his brief, although the invoice is handwritten, it is legible, and it

2

totals $2,500.  The defendant asserted in his affidavit that Flanders billed him an additional $2,140, which he paid.  He also averred that he was still searching his files for a second invoice from Hac-A-Tac Auto and that his bank was searching for the additional check he issued to Hac-A-Tac Auto.  In his brief, the plaintiff reports that he has not received copies of any additional invoices from Hac-A-Tac Auto or additional checks written to the subcontractor.

The defendant argues that, even if the representations of the plaintiff's counsel are true, the plaintiff was not prejudiced by any discrepancies between the two invoices because the only relevance was the defendant's credibility, and the court had "plenty of opportunity to assess [the defendant's] veracity" at trial.  But the record shows that the court's damage award included the $4,640 that the defendant claims to have paid Hac-A-Tac Auto, less any mark-up for the subcontractor's work; thus, the invoice issue is relevant, as well, to the amount of damages.

The trial court did not provide a narrative order to explain its decision to deny the plaintiff's motion to reopen, other than to state that it adopted the rationale contained in the defendant's objection.  Under these circumstances, we conclude that the trial court unsustainably exercised its discretion in denying the motion.  Accordingly, we vacate the trial court's damage award and remand for further proceedings consistent with this order, including a hearing to address what, if any, damages the defendant may be entitled to recover in light of the issues raised by the plaintiff's motion.

Affirmed in part; vacated in part; and remanded.

Dalianis, C.J., and Hicks, Conboy, Lynn, and Bassett, JJ., concurred.

**Eileen Fox,
Clerk**

3